## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN T. MASON, ) | |
| ) | |
| PLAINTIFF, ) | |
| vs. ) | No. 04-2060 |
| ) | |
| TERRY TILLIS, GARY WEBBER, ) | |
| RON SCOTT, CAPT. MARVIN, ) | |
| COUNTY OF COLES AND CITY OF ) | |
| CHARLESTON, all in their individual ) | |
| and official capacities. ) | |
| ) | |
| DEFENDANTS. ) | |

### MOTION TO DISMISS

Defendants Terry Tillis, Gary Weber, Ron Scott, Capt. Brian Marvin, and Coles County, by their attorneys Clifford G. Kosoff, George J. Casson, and Julie A. Bruch, respectfully move the court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint of plaintiff John T. Mason for failure to state a claim upon which relief can be granted. In support of this motion, defendants state as follows:

1.   Plaintiff John T. Mason, appearing pro se, brought this lawsuit pursuant to 42 U.S.C. §1983, claiming that his rights under the Eighth and Fourteenth Amendments to the U.S. Constitution had been violated during his detention in the Coles County jail. The complaint is in two counts and is directed at six defendants. All defendants are sued in both their individual and official capacities. This motion is filed on behalf of five of the defendants: Coles County, Coles County Sheriff Ron Scott, and three Coles County sheriff's deputies who served as corrections officers in the jail.

2.   Count I of plaintiff's complaint was dismissed by the court sua sponte in an order entered on June 14, 2004. Accordingly, the present motion is directed solely at Count II of the complaint.

3.  The complaint alleges that plaintiff was detained in the Coles County jail beginning on or after January 14, 2002 and that the occurrence complained of occurred during January 2002. Count II of the complaint presents a claim that the defendants were deliberately indifferent to plaintiff's need for mental health care and psychotropic medication. The allegations in Count II are specifically directed at defendants Tillis and Weber. In his prayer for relief, plaintiff seeks compensatory damages for "Physical, Menatal [sic] pain, as well as the Mental Anguish and Duress he endured" and punitive damages.

4.  The complaint fails to state an actionable claim for violation of the plaintiff's constitutional right to mental health care and/or psychotropic medication for the following alternative reasons:

    (a) the complaint and its attachments demonstrate that plaintiff did not present a serious medical need for mental health care and/or psychotropic medication;

    (b) the complaint and its attachments demonstrate that the defendants were not deliberately indifferent to a serious need for mental health care and/or psychotropic medication;

    (c) the complaint and its attachments demonstrate that plaintiff did not suffer injury as a result of any alleged failure to provide him with mental health care and/or psychotropic medication.

5.  In the alternative, the complaint fails to state an actionable claim against defendants Scott, Marvin, and Coles County for violation of plaintiffs' constitutional right to

mental health care because the complaint fails to allege that they had knowledge of or were deliberately indifferent to any serious need for such care.

6. In the alternative, plaintiff's claims in Count II are barred by the applicable two-year statute of limitations because plaintiff did not bring the lawsuit within two years of the date of the alleged occurrence.

7. In the alternative, plaintiff's claims for damages are barred by the provisions of the Prison Litigation Reform Act, 42 U.S.C. §1997(e), because the allegations of the complaint demonstrate that plaintiff did not suffer any physical injury as a result of the alleged occurrence.

8. In the alternative, the complaint fails to present an actionable claim against any of the defendants in their official capacities because the complaint fails to allege any of the necessary elements of an official-capacity claim made pursuant to §1983.

9. In the alternative, municipal officers and employees named as defendants in their official capacities cannot be held liable for punitive damages in a lawsuit filed pursuant to §1983.

10. In the alternative, Coles County cannot be held liable for the alleged failure to provide for the plaintiff's mental health needs during his detention in the jail because the County has no legal responsibility for operation of the jail or the treatment of prisoners in the jail.

11. Defendants are filing with the court a separate memorandum of law in support of this motion.

Wherefore, for the foregoing reasons, defendants Terry Tillis, Gary Weber, Ron Scott, Capt. Brian Marvin, and Coles County respectfully request that this court dismiss with prejudice all claims directed at them in the complaint of plaintiff John T. Mason.

        Respectfully submitted,

        TERRY TILLIS, GARY WEBER, RON SCOTT, CAPT. BRIAN MARVIN, and COLES COUNTY, Defendants

        By: s/ George J. Casson
            One of their attorneys

Clifford G. Kosoff
George J. Casson
Julie A. Bruch
O'Halloran, Kosoff, Geitner & Cook, P.C.
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
(847) 291-0200

4

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN T. MASON, )<br> )<br>           PLAINTIFF, )<br>vs. )<br> )<br>TERRY TILLIS, GARY WEBBER, )<br>RON SCOTT, CAPT. MARVIN, )<br>COUNTY OF COLES AND CITY OF )<br>CHARLESTON, all in their individual )<br>and official capacities. )<br> )<br>           DEFENDANT. ) | No. 04-2060 |

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2004, I electronically filed a Motion to Dismiss with the Clerk of court using the CM/ECF system which will send notification of such filing to the following:

    John F. Watson                                  Richard F. Record, Jr.
    CRAIG & CRAIG                              CRAIG & CRAIG
    P.O. Box 689                                      P.O. Box 689
    Mattoon, IL 61938                          Mattoon, IL 61938
    jfw@craiglaw.net                           rfr@craiglaw.net

and I hereby certify that on September 22, 2004, I mailed by United States Postal Service, the documents to the following non-registered participant:

        John T. Mason, K-96939
        Danville Correctional Center
        3820 E Main Street
        Danville, IL 61834

                                                 Respectfully submitted,

                                                 s/George J. Casson
                                                 O'Halloran, Kosoff, Geitner & Cook, P.C.
                                                 650 Dundee Road, Suite 475
                                                 Northbrook, Illinois 60062
                                                 (847) 291-0200
                                                 gcasson@okgc.com