IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JOHN T. MASON, K-96939, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | )   No. 04-2060 |
| | ) |
| TERRY TILLIS; GARY WEBBER; | ) |
| RON SCOTT; CAPT. MARVIN; | ) |
| COUNTY OF COLES, an Illinois | ) |
| Municipal Corporation; | ) |
| CITY OF CHARLESTON, an Illinois | ) |
| Municipal Corporation; All in | ) |
| Their Individual and Official | ) |
| Capacities, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OF DEFENDANT, CITY OF CHARLESTON, AN ILLINOIS
MUNICIPAL CORPORATION, IN SUPPORT OF MOTION TO DISMISS COMPLAINT

*May It Please The Court*:

The Plaintiff has asserted a cause of action in his Complaint alleging a violation under 42 USC Section 1983. Defendant's Motion to Dismiss Complaint is brought pursuant to FRCP 12(b)(6). The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to decide the merits. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir., 1990). Notice pleading requires only that the plaintiff set forth a short and plain statement of the claim that will provide the defendant with fair notice of the cause of action being charged. Scott v. City of Chicago, 195 F.3d 950, 951 (7th Cir., 1999). The District Court is to assume that the well

pleaded allegations are true and draw all reasonable inferences in a light most favorable to the plaintiff. Henderson v. Sheahan, 196 F.3d 839, 845 (7th Cir., 1999).

With regard to a *pro se* complaint, the Court is to apply less stringent standards than apply to formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Thus, *pro se* Complaints are to be liberally construed. Wilson v. Civil Town of Clayton, 839 F.2d 375 (7th Cir., 1988). Even under a liberal construction and less stringent standards, Plaintiff has failed to state a cause of action against Defendant City of Charleston.

Plaintiff alleges that on or about January 14 through January 17, 2002, certain representatives of the Coles County Jail put him in a position of danger and jeopardy and denied reasonable and necessary medical care. On June 14, 2004, this Court entered an Order, pursuant to a Merit review, allowing the Plaintiff to proceed only on his claim that the Defendants were deliberately indifferent to his serious medical needs. However, nowhere in the Complaint does the Plaintiff allege any facts or allegations that would connect the City or its employees to that conduct. Under notice pleading standards there are no facts that are raised which suggest involvement by the City of Charleston.

A fair reading of the Complaint does not suggest that this is simply a matter that the Plaintiff failed to clearly state in the

Complaint.  If we look to paragraph 24 some insight is given to why the City of Charleston is named in the suit.  Paragraph 24 of the Plaintiff's Complaint states as follows:

> "The County of Coles and the City of Charleston is (sic) responsible for setting the guidelines, rules and policies in which county and city officials shall conduct themselves."

The above paragraph suggests that the Plaintiff has sued the City of Charleston because he feels that there is some responsibility of the City in controlling the actions of the Coles County Jail or monitoring its employees.  Neither of such theories are correct under the law.  The Illinois County Jail Act, codified in 735 ILCS 125 *et. seq.,* provides the authority for Coles County to create a county jail.  Section 2 places the responsibility for the inmates in the hands of the Sheriff acting as the Warden of a jail for the County.  730 ILCS 125/2.  The County Jail Act provides for the Warden having responsibility for maintenance (Section 5), separation of prisoners (Section 11), certain removal of endangered prisoners (Section 14), sustenance for the prisoners (Section 15) and other areas such as medical care and hospital expenses (Section 17).  There is no authority that the municipality in which a jail is physically located, here being the City of Charleston, has any authority or control over or responsibilities for that facility. Plaintiff's claim that the City of Charleston somehow has

-3-

responsibility for setting up guidelines, rules and policies to control the county officials in their operation of the Coles County Jail is incorrect. Since there is no legal basis for his claim, Plaintiff has asserted a claim against the City upon which no relief can be granted. Accordingly, this Motion to Dismiss should be granted.

There is also a second ground for dismissal of this action. Plaintiff's Complaint relates to conduct in January of 2002. The Plaintiff filed his Complaint under Section 1983 on July 21, 2004. This filing is beyond the applicable Statute of Limitations. The Supreme Court reviewed the issue of the applicable Statute of Limitations in Section 1983 claims in <u>Wilson v. Garcia</u>, 471 U.S. 261 (1985). The Court found that the Statute of Limitations for Section 1983 claims is the limitations period for personal injury claims in the state where the constitution of violation occurred. <u>Wilson</u>, 471 U.S. at 268-271. In Illinois, the Seventh Circuit has recognized that the two year Statute of Limitations codified at 735 ILCS 5/13-202 is to be applied to Section 1983 actions. <u>Farrell v. McDonough</u>, 966 F.2d 279, 280-81 (7th Cir., 1992), *cert. denied* at 506 U.S. 1084 (1993). The Plaintiff has failed to file this action against the City of Charleston within the two years allowed by the Statute of Limitations. Accordingly, this Motion to Dismiss should be granted on this second independent ground.

For all the foregoing reasons, the Motion to Dismiss should be granted in favor of the Defendant, City of Charleston. There is no cause of action stated under notice pleading, even with the rule of liberal construction.  There is no duty of the local municipality to oversee the conduct and acts of the local jail, Sheriff or Deputy Sheriff.  Finally, any claim brought is beyond the applicable Statute of Limitations and therefore barred.

WHEREFORE, the City of Charleston, an Municipal Corporation, respectfully prays that the Court grant this Motion and enter an Order dismissing the Complaint with prejudice as to the City of Charleston and further order that this Defendant to go hence without day and recover its costs herein expended.

        CITY OF CHARLESTON, an Illinois Municipal
        Corporation, Defendant

        By  s/ Richard F. Record, Jr.
           Richard F. Record, Jr #: 2297159
           Of Craig & Craig
           1807 Broadway Avenue
           P.O. Box 689
           Mattoon, IL   61938-0689
           Telephone: (217)234-6481
           Facsimile: (217)234-6486
           E-mail:rfr@craiglaw.net

                and

        s/ John F. Watson
           John F. Watson #: 6217481
           Of Craig & Craig
           1807 Broadway Avenue
           P.O. Box 689
           Mattoon, IL   61938-0689
           Telephone: (217)234-6481
           Facsimile: (217)234-6486
           E-mail:jfw@craiglaw.net
           Attorneys for City of Charleston

CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of September, 2004, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Mr.  Clifford G. Kosoff
    Mr. George J. Casson
    Ms. Julie A. Bruch
    O'Halloran, Kosoff, Geitner & Cook, P.C.
    650 Dundee Road, Suite 475
    Northbrook, IL 60062
    Phone: 847-291-0200
    Fax:  847-291-9230

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

    Mr. John T. Mason
    K-96939
    Danville Correctional Center
    3820 E. Main St.
    Danville, IL, 61834

Dated this 23rd day of September, 2004.

                        By  s/ John F. Watson
                           John F. Watson #: 6217481
                           Of Craig & Craig
                           1807 Broadway Avenue
                           P.O. Box 689
                           Mattoon, IL   61938-0689
                           Telephone: (217)234-6481
                           Facsimile: (217)234-6486
                           E-mail:jfw@craiglaw.net
                           Attorneys for City of Charleston