UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JOHN T. MASON,
          Plaintiff,

vs.                                                    04-2060

TERRY TILLIS, GARRY WEBBER,
RON SCOTT, CAPTAIN MARVIN,
COLES COUNTY and
CITY OF CHARLESTON, ILLINOIS
          Defendants

### ORDER

The plaintiff, John T. Mason currently incarcerated at Danville Correctional Center has filed this lawsuit pursuant to 42 U. S. C. § 1983. He names as defendants Terry Tillis, Sergeant of the Coles County Sheriff's Department; Gary Webber, Sergeant of the Coles County Sheriff's Department; Ron Scott, Sheriff of Coles County; Captain Marvin, Coles County Safety and Detention Center; County of Coles and the City of Charleston, Illinois.

### Standard

It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972). *See also Tarkowski v. Robert Bartlett Realty Company*, 644 F.2d 1204 (7th Cir. 1980). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521; *Gregory v. Nunn*, 895 F.2d 413, 414 (7th Cir. 1990).

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff. *Bethlehem SteelCorp. v. Bush*, 918 F.2d 1323, 1326 (7th Cir. 1990). Allegations in other filings may be considered if consistent with the complaint, *Gutierrez v. Peters*, 111 F.3d 1364, 1367 n. 2 (7th Cir. 1997), and attachments to the complaint are incorporated as part of the complaint, *see International Mktg., Ltd. v. Archer-Daniels-Midland Co.*, 192 F.3d 724, 729 (7th Cir. 1999). Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff. *Tarkowski*, 644 F.2d at 1207, *quoting Littleton v. Berbling*, 468 F.2d 389 (7th Cir. 1972).

### Background

This matter was before this court on Friday, April 30, 2004, via video conference, for merit review under the provisions of 42 U.S.C. §1915A. Count I of the plaintiff's complaint was dismissed in an order entered on June 14, 2004. The plaintiff was allowed to proceed on his claim that the defendants were deliberately indifferent to his serious needs. The defendants have filed motions to dismiss, d/e's 19

and 22.  The plaintiff has not responded.

In their motion to dismiss, the defendants point out that in his complaint, the plaintiff alleges that he was detailed in the Coles County jail beginning on January 14, 2002 and that the occurrence complained of occurred during January 2992.  In Count II of his complaint the plaintiff alleges the defendants were deliberately indifferent to his need for mental health care and psycho tropic medication. The defendants argue that the plaintiff's claims for damages are barred by applicable statute of limitations because the plaintiff did not bring the lawsuit within two years of the date of the alleged occurrence.  The plaintiff has not disputed the defendants' assertion. Further, the court notes that the plaintiff did not bring his lawsuit until April 2, 2004, more than two years after the alleged occurrence.

### Conclusion

State law governs the limitations period for a § 1983 action.  *Behavioral Inst. of Indiana*, 406 F.3d 926, 929 (7th Cir. 2005)(unless state rules are inconsistent with Section 1983's purposes); *Heard v. Sheahan*, 253 F.3d 316, 317-318 (2001).  The statute of limitations that applies to the plaintiff's claims is the two-year Illinois statute governing tort cases, 735 ILCS 5/13-202.  *See Lucien v. Jockisch*, 133 F. 3d 464, 466 (7th Cir. 1998).  The plaintiff case must be dismissed.

**It is therefore ordered:**

1.  **Pursuant to 735 ILCS 5/13-202 and *Lucien v. Jockisch*, 133 F. 3d 464, 466 (7th Cir. 1998), the defendants' motions to dismiss, d/e's 19 and 22 are granted.  The plaintiff's entire lawsuit is dismissed in its entirety.**
2.  **The clerk of the court is directed to terminate this lawsuit in its entirety, forthwith.**
3.  **Any remaining matters are rendered moot.**

Enter this     day of September 2005.

/s/ Harold A. Baker
_____
**HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE**